## MURDOCK *vs.* WINTER's Adm'r.—June, 1827.

It is an established rule in pleading, that upon the argument of a demurrer,
the court will, notwithstanding the defect of the pleading demurred to,
give judgment against the party whose pleading was first defective in
substance; as if a plea be bad, the defendant may avail himself of any
substantial defect in the declaration, or if the replication be bad, the
plaintiff may avail himself of any defect in the plea.

So where in an action on a promissory note payable four months after date,
the defendant pleaded *non assumpsit infra tres annos,* to which the plain-
tiff replied, that he at the time of making the promise, was beyond seas
and without the jurisdiction of the court, and so remained and continued,
&c. and the defendant demurred—Judgment was rendered for the plain-
tiff; for that mode of pleading the act of limitations in this case, is defec-
tive.

The act of limitations begins to operate as a bar from the time the cause of
action arises, and not from the time of making the promise.

APPEAL from *Charles* County Court. Action of *assumpsit.*
The writ issued on the 11th of February 1822. The declara-
tion contained a count on a promissory note, dated at *Boston* on
the 15th of July 1816, for $88, payable in four months, with

interest, executed by the intestate of the defendant, (the appellee,) to the plaintiff, (the appellant.) The defendant pleaded *non assumpsit*, and *non assumpsit infra tre*s *annos*. Issue joined on the first plea; and a replication to the second plea, stating that the plaintiff, at the time of making the promise, was beyond the seas, and without the jurisdiction of the court, and remained and continued, &c. Demurrer to the replication, and joinder in demurrer. The court ruled the demurrer good.

The plaintiff then prayed the court that the first issue be tried by the country. Which prayer the Court, [*Stephen*, Ch. J. and *Key*, and *Plater*, A. J.] refused. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, ARCHER, and DORSEY, J.

*Stonestreet*, for the Appellant, contended, 1. That the plea of *non assumpsit infra tres annos* is no answer to a declaration on a promissory note payable four months after date, as it might be true that the defendant did not assume at any time within three years before the issuing of the original writ, and still be liable. He should have pleaded *actio non accrevit infra tres annos*. That this objection is good on general demurrer, needs no authority to prove.

2. That the act of assembly of 1818, *ch.* 216, repealing the savings in favour of nonresidents, as given in the act of limitations, in its operation upon this case, is unconstitutional and void. The note in this case is dated in 1816, in *Boston*, where the plaintiff then resided, and continued so to reside until the issuing of the writ. The act of assembly taking away the savings in favour of nonresidents passed the 19th of February 1819, and therefore subjected the note to be defeated by the defendant's pleading the act of limitations

*C. Dorsey*, for the Appellee.

ARCHER, J. delivered the opinion of the court. It is an established rule in pleading, that upon the argument of a demurrer the court will, notwithstanding the defec of the pleading demurred to, give judgment against the party whose pleading

was first defective *in substance.* *Duppa vs Mayo,* 1 *Saund.* 285, *(note 5.)* *Chitt. Plead.* 647. As if a plea be bad. the defendant may avail himself of any substantial defect in the declaration, or if the replication be bad, the plaintiff may avail himself of any defect in the plea. Here the replication is demurred to, and although it may be defective, the plaintiff insists that the defendant has in his plea committed the first fault in pleading; and this objection leads us to the inquiry, whether the defendant's plea is maintainable?

The suit is instituted for the recovery of money due on a promissory note, payable in four months; the declaration is in the usual form, and to this declaration the defendant has plead *non assumpsit infra tres annos.*

This mode of pleading the statute of limitations is in many cases not available; and *Williams,* in his notes to *Hodsden vs Harridge,* 2 *Saunders,* 63, *(note 6,)* assigns as a reason, that if the cause of action accrued within six years, it is immaterial when the promise was made, because the statute operates as a bar only from the time the cause of action arose, and not from the time of making the promise, the words of the statute being "within six years next after the *cause* of action accruing," and not after, and he puts these cases in illustration of the principle. If a promissory note were made seven years ago to pay money within three years after, the statute is no bar; so if it were made seven years ago to pay money within three months after, though the statute would be a bar, yet the defendant must not plead *non assumpsit infra sex annos,* for that would be bad; but the plea must be *causa actionis non accrevit infra sex annos.* This last case is precisely the one presented here for our consideration, and must have the same rule applied to it; for the phraseology of the *English* statute, so far as concerns this point, is precisely in conformity with our statute of limitations. And it is recommended in the note referred to, as the safest and best mode in all cases of *assumpsit* where limitations attach to plead *actio non accrevit, &c.*

The plea then being substantially defective, the judgment of the court below should have been for the plaintiff upon this demurrer, instead of the defendant. And the court should have empannelled a jury to try the issue on the plea of *non assump-*

*sit,* which would have been the only issue before them, had their judgment been correct upon the demurrer to the replication.

This being our opinion upon the demurrer, the cause must be remanded to *Charles* county court by *procedendo.* And it is in this aspect of the case unnecessary to institute any inquiry into the very important point which has been raised by the appellant, whether the act of assembly, taking away from the plaintiff the savings of the statute, be constitutional, so far as respects his claim, which originated before the passage of the repealing law? Nor shall we venture to intimate any opinion on that subject, especially in this case which has been submitted to our consideration, without argument on the question.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.